# CIRCUIT COURT OF FAUQUIER COUNTY

Commonwealth of Virginia

v.

J.A.K.

March 26, 1999

Case No. (Criminal) CR99-173

BY JUDGE JEAN HARRISON CLEMENTS

This case came before the Court on March 22, 1999, upon the Defendant's Motion to Quash Indictment and Plea of *Autrefois Convict* and was argued by counsel and taken under advisement by the Court. The facts are not in dispute as they appear from the record and are stipulated.

On January 25, 1999, the Grand Jury of Fauquier County indicted the Defendant, a juvenile, on a charge of malicious wounding in violation of § 18.2-51, Code of Virginia. The aforesaid motions followed.

On October 24, 1998, Defendant was arrested and charged on a juvenile petition with aggravated malicious wounding in violation of § 18.2-51.2. The Commonwealth gave a Notice of Intent to Transfer. The case came before the Fauquier Juvenile and Domestic Relations District Court for preliminary hearing on January 20, 1999. At the close of the hearing, prior to argument, the Commonwealth conceded the evidence was insufficient to satisfy the stated charge and advised the Juvenile Court it would proceed only on a charge of malicious wounding in violation of § 18.2-51. Aggravated malicious wounding was a proceeding pursuant to § 16.1-269.1(B), and malicious wounding was a proceeding pursuant to § 16.1-269.1(C). However, each required a preliminary hearing under the facts of this case.

The Juvenile Court took the case under advisement and issued a written opinion dated January 22, 1999, ruling that it could not find probable cause of the felony but that it did find sufficient cause to charge the misdemeanor of

assault and battery. Relying on § 19.2-5 and § 19.2-186, the Juvenile Court retained jurisdiction and ordered that a trial date be set. Parties and counsel appeared on January 25, 1999. Defendant entered a plea of guilty, and the Commonwealth made motions (1) objecting to Judge Payne's presiding at the adjudicating hearing, (2) to stay further proceedings, and (3) to nolle prosequi. Judge Payne recused himself, and on February 1, 1999, the case came before Judge Fischel who accepted the Defendant's plea of guilty and denied the Commonwealth's two remaining motions. Disposition is set in the Juvenile Court for April 7, 1999.

In the case at bar, the Commonwealth relies on the second paragraph of § 16.1-269.1(D) which reads in pertinent part:

> If the court does not find probable cause to believe that the juvenile has committed the violent juvenile felony as charged in the petition or warrant or if the petition or warrant is terminated by dismissal in the juvenile court, the attorney for the Commonwealth may seek a direct indictment in the circuit court.

The Commonwealth argues that for a violent juvenile felony, whether under § 16.1-269.1(B) or (C), the sole jurisdiction of the juvenile court is to conduct a preliminary hearing on the issue of certification of the charge to the circuit court.

Defendant relies on the argument that the Fauquier Juvenile Court, having found no probable cause of a violent juvenile felony, did not terminate the petition by dismissal but rather retained jurisdiction of the Defendant and the subject matter of the lesser-included misdemeanor and proceeded to trial. Defendant further argues that jeopardy attached by the Juvenile Court's acceptance of the Defendant's plea of guilty. Defendant also relies on § 19.2-5 and § 19.2-186. No one questions that assault and battery is a lesser-included offense of § 18.2-51.

The determinative issue is the interpretation of § 16.1-269.1(D) and the jurisdiction of the Juvenile Court in this case.

Under traditional jurisdiction of juvenile felony delinquent act cases, meaning ones not subject to transfer, the juvenile court would not conduct a preliminary hearing. It would proceed from charge to arraignment to adjudication (trial). However, pursuant to § 16.1-269.1(B) and (C), there are now certain defined felonies for which the juvenile court's jurisdiction is more akin to adult criminal proceedings in that the court's jurisdiction encompasses the conducting of preliminary hearings to certify juveniles to an adult (i.e.,

circuit) court. For adults charged with felonies in the juvenile court, clearly § 19.2-5 and § 19.2-186 apply, and had this case involved an adult defendant, the Defendant's argument would prevail. Did the legislature, however, intend a different result for juveniles charged with felonies pursuant to § 16.1-269.1(B) and (C)?

For this Court to agree with the Commonwealth, it has to give a literal interpretation to the word "or" in § 16.1-269.1(D) and to resolve that Code section's apparent conflict with § 19.2-5 and § 19.2-186. Perhaps the Court could do so by concluding that the legislative intent was indeed to treat juvenile defendants differently. To reach such a conclusion, however, the Court must be able to find that the legislature intended to give such a juvenile only a preliminary hearing in the juvenile court and that further prosecution of the violent juvenile felony or lesser felony (subject only to transfer pursuant to § 16.1-269.a(A)) or misdemeanor must be in the jurisdiction of the circuit court.

This interpretation flies in the face of the clearer provisions of § 16.1-241(A)(6), as found on page 27 of the supplement:

> In all other cases involving delinquent acts, and in cases in which an ancillary charge remains after a violent juvenile felony charge has been dismissed *or a violent juvenile felony has been reduced to a lesser offense not constituting a violent juvenile felony, the jurisdiction of the juvenile court shall not be divested* unless there is a transfer pursuant to subsection A of § 16.1-269.1.

(Emphasis added.)

The legislature adopted these particular provisions of § 16.1-241 and § 16.1-269.1 as a "concept package." Following the well-established rules of statutory construction, they should be read together so as to provide a harmonious result where possible. Therefore, the Court concludes that § 16.1-269.1 does not divest the Juvenile Court of its jurisdiction to try the Defendant on the lesser-included misdemeanor of assault and battery. In this case, the Juvenile Court chose to continue its jurisdiction, and when arraigned, the Defendant pleaded guilty and was found guilty. Jeopardy attached.

For all of these reasons, Defendant's Motions are granted, and the indictment is quashed and barred and dismissed.